The STATE of Texas, Appellant,

v.

Anthony Stephen CHOICE, Appellee.

Nos. 05–07–01037–CR, 05–07–01038–CR.

Court of Appeals of Texas,
Dallas.

Aug. 7, 2008.

Michael R. Casillas, Asst. Dist. Atty.–Chief Prosecutor, Dallas, for Appellant.

Catherine Bernhard, Red Oak, for Appellee.

Before Justices MORRIS, FITZGERALD, and LANG.

## OPINION

Opinion by Justice FITZGERALD.

A jury found appellee Anthony Stephen Choice guilty of two aggravated robberies; his punishment was assessed at fifteen years' confinement. The trial court subsequently granted Choice's motion for new trial on the ground he received ineffective assistance of counsel. The State of Texas appeals. For the reasons discussed below, we vacate the trial court's order granting the new trial, and we reinstate the trial court's judgments of May 9, 2007.

### BACKGROUND

Choice was charged with stealing a pair of shoes from a Payless shoe store after showing an employee a knife in his waistband, and stealing a truck outside the store after holding a knife to the throat of the truck's owner. He drove off in the truck but was apprehended within a short time. A store employee and the truck owner both identified Choice at the scene as the man who had committed the robberies. Another Payless employee identified Choice at trial. The jury convicted Choice of both aggravated robberies. Choice testified at the punishment phase and admitted the thefts while admitting he was, at the time, under the influence of cocaine. Choice pleaded true to a prior felony. The trial court found him guilty of that enhancement offense and assessed his punishment at fifteen years, the minimum sentence for the offenses.

Choice filed a motion for new trial contending he received ineffective assistance of counsel. The trial court held an evidentiary hearing and trial counsel for Choice testified at length. The trial court subsequently granted the motion. The State appeals, contending in a single issue that the trial court abused its discretion in granting the motion for new trial.

## STANDARD OF REVIEW

■ To prevail on an ineffective assistance of counsel claim, an appellant must prove by a preponderance of the evidence that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 695, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State*, 988 S.W.2d 770, 772 (Tex.Crim.App. 1999). Any allegation of ineffectiveness must be firmly founded in the record. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim.App.2005). The defendant must prove by a preponderance of the evidence that there is, in fact, no plausible professional reason for a specific act or omission by his counsel. *Bone v. State*, 77 S.W.3d 828, 833 (Tex.Crim.App.2002).

■ We review the trial court's decision to grant a new trial for an abuse of discretion. *Lewis v. State*, 911 S.W.2d 1, 7 (Tex.Crim.App.1995). We will not substitute our judgment for that of the trial court; instead, we decide whether the trial court's decision was arbitrary or unreasonable. *Id.*

## THE MOTION FOR NEW TRIAL

Choice's motion for new trial alleged four specific instances of ineffective assistance of counsel. We review each in turn.[1]

### *Jury Waiver*

■ The motion contends in its first point:

> Prior to beginning jury selection, Defendant informed his attorney that he wished to waive the jury and have a trial in front of the judge. This request was never communicated to the prosecutor. This was ineffective. *See Ex parte Walker*, 794 S.W.2d 36 (Tex.Crim.App. 1990)(where defendant decided to go to the jury for punishment but counsel failed to file election, "counsel's inaction rendered [defendant's] decision meaningless"—counsel found ineffective).

The hearing proceedings established that this ground was baseless. Trial counsel was examined at the hearing by the self-described junior prosecutor representing the State at trial. Trial counsel testified he had requested a bench trial the morning of trial, after Choice told him he preferred to have a trial before the court. The following exchange then took place:

> Q. Okay. In any event, before the jury was brought in, you had made it clear that you wanted a bench trial and actually came back into the coordinator's office where both of the State's prosecutors were present—that would be me and Julius Whittier, the super chief with the DA's office—the Judge was present, the coordinator was present and you asked if we would waive jury, correct?

---

1. The State, in an abundance of caution, attempts to address all "potential grounds of ineffective assistance that were mentioned in passing during the hearing on Appellee's motion for new trial." We limit our discussion to the specific instances of ineffective assistance raised by Choice in his motion.

A. That's right.

Q. I suggested to you that I would be inclined to do so, and Mr. Whittier, who is my superior, told you that we would not?

A. That's the way I remember it.

Q. Okay. And that—that entire conversation was held in front of the Judge?

A. Right.

Q. Okay. So you had asked for a bench trial according to your client's wishes, correct?

A. Yes.

Q. Is there anything else that you could have done legally to have created—or made that case be presented at a bench trial rather than a jury trial?

A. No, sir.

Moreover, at the State's request, the judge stated on the record that she remembered being present when trial counsel requested a bench trial and the senior prosecutor refused to waive a jury. No testimony was offered to dispute this version of events. Accordingly, the motion for new trial's first point cannot be supported by the record. *See Salinas,* 163 S.W.3d at 740 (allegations of ineffectiveness must be firmly founded in record). To the extent the trial court relied on this ground in granting the motion, it was an abuse of discretion.

### Request for Lesser Included Offense

 The second point of the motion states:

> The trial attorney did not request a lesser included offense instruction of theft in the Payless robbery case, even though it was clearly raised by the evidence in defendant's written statement.

*Eldred v. State,* 528[sic] S.W.2d 721 (Tex.Crim.App.1979). This was ineffective. *See Waddell v. State,* 918 S.W.2d 91 (Tex.App.–Austin 1996, no pet.)(counsel ineffective for not requesting instruction on lesser included offense where he mistakenly believed it was not raised by the evidence).

An instruction on theft as a lesser included offense of aggravated robbery is required only if the record contains evidence which shows that if the defendant is guilty, he is guilty of theft only. *Eldred,* 578 S.W.2d at 723. In Choice's case, then, a lesser included instruction on theft would be appropriate if there were evidence in the record establishing Choice had robbed Payless but had not used or exhibited a knife.

The motion states this lesser included offense "was clearly raised by the evidence in defendant's written statement." We disagree. Choice's voluntary statement does not admit or deny the use of a knife; it does not refer to a weapon in any manner. Moreover, as trial counsel testified at the hearing, Choice's statement ends abruptly with the sentence "I don't want to say anything else." Thus, on its face, the statement is not a complete statement of what Choice knew about the offenses. We cannot conclude from an incomplete summary of events, which does not deny use of a knife, that Choice's statement could be evidence Choice robbed Payless but did not use or exhibit a knife.

Nor do we find such evidence elsewhere in the record. The two Payless employees who were in the store at the time of the robbery testified at trial. Patricia Ramos and Mayra Rodriguez both testified Choice showed the knife in his waistband before leaving the store with the stolen shoes. No one testified that Choice robbed the Payless without exhibiting a knife.[2] We

2. There was also testimony concerning Choice's possession of the knife immediately

find no evidence in the record indicating that if Choice was guilty, he was guilty of theft only. *See Eldred,* 578 S.W.2d at 723. Accordingly, trial counsel's failure to request an instruction on the lesser included offense of theft did not fall below an objective standard of reasonableness. *See Strickland,* 466 U.S. at 687–88, 104 S.Ct. 2052. Indeed, trial counsel's decision was the correct one. To the extent the trial court relied on this ground in granting the motion, it was an abuse of discretion.

### *Visible Tattoos and Jail Wristband*

The motion's third point contends:

Trial counsel was ineffective for allowing Defendant to be tried in short-sleeves so that his tattoos and jail wristband were plainly visible to the jury. *See Roche v. Davis,* 291 F.3d 473 (7th Cir.2002)(trial counsel ineffective for failing to object to shackles).

At the outset, we stress that authority concerning shackles is not probative when discussing short sleeves, tattoos, and a wristband. As Choice's own authority states, seeing a defendant in the courtroom in shackles "could instill in the jury a belief that the defendant is a dangerous individual who cannot be controlled, an idea that could be devastating to his defense." *Roche,* 291 F.3d at 482–83. Nothing about this defendant's garb could have sent the jury a message that Choice was a dangerous individual who could not be controlled.

As to the clothing worn by Choice at trial, trial counsel testified he obtained an assortment of pants, coats and a shirt or two from the clothing available to inmates in need of court-appropriate clothing. Choice selected the dark pants and short-sleeved shirt he wore at trial; trial counsel

believed the clothes selected were appropriate for trial. Trial counsel stated he did not suggest to Choice that he wear long sleeves for trial to cover the wristband. Trial counsel testified he never saw a juror looking at Choice in an awkward way concerning what he was wearing. He testified further that during trial no one brought to his attention that the jury might be seeing and focusing on the wristband. However, after sentencing, the trial court made a point of commenting on the record that Choice "was in the same clothing throughout the entire trial with his wristband exposed."

■■■■ Choice cites us to no authority concerning an objective standard of reasonableness when it comes to trial clothing for a criminal defendant. It is settled that a defendant should not be tried in his prison uniform. *See Ephraim v. State,* 471 S.W.2d 798 (Tex.Crim.App.1971). Choice was not tried in his prison clothing. And as to the wristband, the only published Texas case we have located on the issue concluded:

[W]e are not convinced that a white wristband is prejudicial "prison garb" similar to leg irons, prison uniforms, or handcuffs, the significance of which are readily apparent to the jury. In this case, there is no indication that the jury understood the wristband to signify incarceration nor do we presume that they did. From the jury's perspective, the band could also have signified that appellant had been hospitalized.

*Morris v. State,* 696 S.W.2d 616, 621 (Tex. App.–Houston [14th Dist.] 1985), *aff'd,* 739 S.W.2d 63 (Tex.Crim.App.1987). We agree with the Houston court that a wristband is not by itself prejudicial prison

---

after the Payless robbery. After Choice left Payless, he confronted Mart Ruby in the parking lot. Ruby testified Choice held the knife

to his throat before taking Ruby's truck. The knife was found in Ruby's truck when it was recovered by the police.

garb, such that counsel's failure to have it covered represents a deviation from an objective standard of reasonableness. *See Strickland,* 466 U.S. at 687–88, 104 S.Ct. 2052.

■ Choice presented no evidence of prejudice caused by the visibility of the wristband. No jurors testified they noticed the wristband and that its presence prejudiced Choice. The trial court may have concluded that the visibility of the wristband was prejudicial as a matter of law, but we find no basis for that conclusion in law.

■ As to the tattoos cited by the motion for new trial, Choice offered no evidence at all concerning them. There was no testimony or pictures describing the number, size, placement, or nature of these tattoos. Trial counsel testified he did not remember Choice having tattoos, so that if they were exposed, he did not know of it. He said no one brought a concern about the tattoos to his attention. Choice made no showing that trial counsel's conduct in this regard was unreasonable or that any prejudice could be attributed to tattoos.

A trial court's conclusion of ineffectiveness must be firmly founded in the record. *Salinas,* 163 S.W.3d at 740. On this point, the record contains nothing but allegations of deficient conduct and prejudice to the defendant. We find no evidence supporting these allegations, and we find no legal authority making the complained of conduct unreasonable and prejudicial as a matter of law. To the extent the trial court relied on this ground in granting the motion, it was an abuse of discretion.

### Mitigating Evidence at Punishment

■ In its fourth and final point, the motion states:

Trial counsel was ineffective for failing to investigate and present mitigating ev-

idence at punishment. Defendant's mother, Genell Washington, and his brother, Rodney Choice, were available and willing to testify about Defendant's life, but were never contacted by trial counsel. *See Milburn v. State,* 15 S.W.3d 267 (Tex.App.–Houston [14th Dist.] 2000, pet. ref'd)(trial counsel ineffective for failing to investigate and present mitigating evidence from family members).

Trial counsel testified Choice never mentioned a witness he would like to call. Trial counsel stated he encouraged Choice to testify on his own behalf so that Choice's drug abuse could be pursued as a mitigating factor. He believed Choice made a "good and compelling witness for himself." Trial counsel did not search out other possible witnesses for the punishment phase of the trial. Choice's mother testified at the hearing that she would have come to testify on her son's behalf, and Choice's brother submitted an affidavit to the same effect.

However, even if we were to assume that the failure to call family members or other witnesses to present mitigating evidence was ineffective assistance, Choice has not shown any harm he incurred by trial counsel's failure. The trial court assessed Choice's punishment in this case at fifteen years' confinement, the minimum sentence possible. Additional mitigating evidence could not have resulted in a lesser sentence. Thus, there is no possibility that, had trial counsel offered additional mitigating evidence, the result of the proceeding would have been different. *See Strickland,* 466 U.S. at 695, 104 S.Ct. 2052. To the extent the trial court relied on this ground in granting the motion, it was an abuse of discretion.

### CONCLUSION

We have concluded the trial court abused its discretion in granting Choice's

motion for new trial, regardless of which point or points it relied upon. Accordingly, we sustain the State's sole issue. We vacate the trial court's order granting a new trial in this matter, and we reinstate the trial court's May 9, 2007 judgment.