**Affirm and Opinion Filed February 10, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01342-CR

### RUBEN DEGOLLADO OBREGON, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 204th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F11-61967-Q

## OPINION

Before Justices FitzGerald, Lang, and Fillmore
Opinion by Justice FitzGerald

Appellant Ruben Degollado Obregon pleaded guilty to the crime of aggravated assault with a deadly weapon causing serious bodily injury to a family member. A jury assessed punishment at thirteen and a half years' imprisonment, and the trial judge rendered judgment on the jury's verdict. Appellant raises two issues on appeal. We affirm.

## I. BACKGROUND

Appellant was indicted for shooting a woman he was living with. He pleaded guilty before a jury, and his written confession was admitted into evidence. The jury found him guilty. The issue of punishment was tried to the jury over the course of two days. The jury returned a verdict assessing punishment at thirteen and a half years' imprisonment and no fine. The trial

judge rendered a judgment of conviction on the jury's verdict. Appellant filed a motion for new trial that was not ruled on by the trial judge. This appeal followed.

## II. ANALYSIS

### A. Voluntariness of guilty plea

In his first issue on appeal, appellant contends that his guilty plea was involuntary and that the trial judge erred by not withdrawing appellant's guilty plea sua sponte. Specifically, appellant argues that he did not understand the possible range of punishment in his case when he pleaded guilty. We reject appellant's argument.

At the outset, the State argues that appellant failed to preserve error in the trial court. "Preservation of error is a systemic requirement on appeal." *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009) (footnote omitted). The voluntariness of a guilty plea cannot be raised for the first time on appeal. *Ridgway v. State*, No. 05-08-00493-CR, 2009 WL 1929460, at *1 (Tex. App.—Dallas July 7, 2009, no pet.) (not designated for publication) (citing *Mendez v. State*, 138 S.W.3d 334, 339 n.5 (Tex. Crim. App. 2004)). But the court of criminal appeals has held that a complaint that the trial judge improperly admonished the defendant "cannot be forfeited and may be raised for the first time on appeal unless it is expressly waived." *Bessey v. State*, 239 S.W.3d 809, 812 (Tex. Crim. App. 2007); *see also Davison v. State*, 405 S.W.3d 682, 687 (Tex. Crim. App. 2013). Accordingly, we will address appellant's issue to the extent he contends he was not properly admonished on the range of punishment.

When a defendant pleads guilty, the trial judge must admonish him about the range of punishment attached to the offense, among other things. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1) (West Supp. 2013). When a trial court admonishes a defendant, "substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of

the court." TEX. CODE CRIM. PROC. ANN. art. 26.13(c). Appellant argues that the correct range of punishment in this case was five to ninety-nine years or life, and that his guilty plea was involuntary because he believed—at first—that the maximum punishment was twenty years.

The record shows that the trial judge orally admonished appellant during the pretrial hearing at which appellant pleaded guilty. At one point during the hearing, the judge asked appellant what the maximum punishment he could receive was. Appellant answered, "I don't know," and then he said, "I was told 20." At that point, the judge said that she was not accepting appellant's plea because he did not know what was going on and had not been told about the range of punishment. Thereafter, the trial judge made sure appellant knew and understood the correct range of punishment he was facing. After some discussions with appellant, the judge said, "You understand that if you plead guilty or if this jury finds you guilty, I will instruct them to sentence you to no less than 5 years in prison and up to 99 years or life in prison. Do you understand that?" Appellant answered, "Oh, yes." After that, appellant affirmed that he still wanted to plead guilty.

Appellant acknowledges that the trial judge explained the correct range of punishment to him, and that he subsequently affirmed that he still wanted to plead guilty. Nevertheless, he still asserts, without explanation or citation to the record, that he "was clearly not aware of the consequences of his plea." We disagree. The trial judge correctly admonished appellant about the range of punishment in compliance with article 26.13. Appellant has not shown either that he was unaware of the consequences of his plea or that he was misled or harmed by the trial judge's admonition. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(c). Accordingly, the trial judge did not err by failing to withdraw appellant's guilty plea sua sponte after appellant affirmed that he knew the correct range of punishment and still wanted to plead guilty.

We reject appellant's first issue on appeal.

**B.      Effective assistance of counsel**

In his second issue on appeal, appellant argues that his attorney rendered ineffective assistance of counsel.  He bases his argument on statements made during the pretrial hearing at which he pleaded guilty.  As noted above, when the trial judge asked appellant whether he knew the maximum punishment he was facing, appellant first answered, "I don't know," and then said, "I was told 20."  Shortly thereafter, the judge asked appellant, "Did your lawyer tell you what the punishment range is for this offense?"  Appellant answered, "I was—he told me 20."  Based on this excerpt from the record, appellant urges that his attorney was ineffective because he gave appellant incorrect information about the possible range of punishment.

To prevail on a claim of ineffective assistance of counsel, an appellant must prove by a preponderance of the evidence that his counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that the result of the proceeding would have been different but for counsel's errors.  *State v. Choice*, 319 S.W.3d 22, 24 (Tex. App.—Dallas 2008, no pet.); *see also Strickland v. Washington*, 466 U.S. 668, 687–88, 695 (1984).  In the context of an allegedly involuntary guilty plea, the appellant's burden is to show that his counsel's performance fell below a reasonable standard of competence and that there is a reasonable probability that, but for counsel's errors, the appellant would not have pleaded guilty and would have insisted on going to trial.  *See Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999).  An allegation of ineffectiveness must be firmly founded in the record. *Choice*, 319 S.W.3d at 24.  In most cases, the record on direct appeal will provide no explanation for counsel's actions, and the appellant will not be able to overcome the strong presumption of reasonable assistance.  *See Thompson v. State*, 9 S.W.3d 808, 813–14 & n.6 (Tex. Crim. App. 1999).

In this case, appellant did not develop his ineffective-assistance claim in the trial court. Although appellant filed a motion for new trial, he did not assert ineffective assistance of counsel therein, nor does the record indicate that there was a hearing on the motion. Thus, counsel was not given an opportunity to explain his strategy or contradict appellant's accusation that counsel gave appellant incorrect legal advice. *See Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012) ("Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective.") (internal quotations and footnote omitted). We conclude the record is insufficient to demonstrate ineffective assistance of counsel. *See Freeman v. State*, 125 S.W.3d 505, 506–07 (Tex. Crim. App. 2003) ("The record in this case is insufficient to support the conclusion [that appellant received ineffective assistance of counsel] because appellant did not develop a record in the trial court for the purpose of establishing this claim.").

We reject appellant's second issue on appeal.

### III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.


/Kerry P. FitzGerald/

Do Not Publish

TEX. R. APP. P. 47

121342F.U05

KERRY P. FITZGERALD

JUSTICE

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RUBEN DEGOLLADO OBREGON,
Appellant

No. 05-12-01342-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F11-61967-Q.
Opinion delivered by Justice FitzGerald.
Justices Lang and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered February 10, 2014

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE