**AFFIRMED; Opinion Filed May 20, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00291-CR

### CHADDY MARK SHEPHARD, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F10-12590-W**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Myers

This case is an appeal of a judgment adjudicating guilt. On June 15, 2011, appellant was placed on six years of deferred adjudication community supervision and ordered to pay a $2,500 fine after pleading guilty to aggravated assault with a deadly weapon. On January 9, 2013, the State filed a motion to proceed with an adjudication of guilt. On February 4, 2013, appellant pleaded true to the allegations in the motion. After finding that the evidence supported the plea, the trial court granted the State's motion, revoked his probation, and assessed appellant's punishment at five years' imprisonment.[1] Appellant asked the trial court to reconsider its ruling, and the trial court granted the motion to reconsider. Following a hearing held on February 18, 2013, at which appellant presented evidence, the court declined to change its previous ruling.

---

[1] The reporter's record states that this hearing occurred on February 13, 2013. Both the State and appellant agree, however, that the hearing actually occurred on February 4, 2013. The judgment adjudicating guilt was signed and entered on February 4, 2013, and the trial court's docket sheet notes indicate that the hearing on the State's motion to proceed with an adjudication of guilt was held on February 4, 2013.

Appellant then brought this appeal. In three issues, he argues that he received ineffective assistance of counsel at the February 4, 2013 hearing, the plea of true was involuntary because of ineffective assistance of counsel, and that the trial court abused its discretion by adjudicating appellant's guilt and sentencing him to five years' imprisonment. We affirm the trial court's judgment.

## DISCUSSION

### 1. Ineffective Assistance of Counsel

In his first issue, appellant contends that he received ineffective assistance of counsel at trial "because although evidence was available from Appellant's community supervision officer that Appellant should be allowed to remain on community supervision, and the identity of the community supervision officer was known to trial counsel, trial counsel failed to investigate the case and present such evidence to the trial court."

The State's motion to adjudicate alleged that appellant violated two conditions of his community supervision. The motion alleged that appellant violated paragraph (h) by failing to pay $2300 in past-due court costs and fines. The motion also alleged that he violated paragraph (v) by testing positive for alcohol on several occasions, being "locked out" from his "Smart Start IN-HOM Program" alcohol monitoring device on a number of occasions after missing scheduled tests, and skipping scheduled tests on the IN-HOM device on numerous occasions. The record shows that appellant was represented by different attorneys when he entered his guilty plea, during the original hearing on the State's motion to adjudicate, and at the hearing on the motion to reconsider. Appellant's argument is that the attorney who represented him at the February 4, 2013 hearing on the State's motion to adjudicate (trial counsel number two) rendered ineffective assistance by not calling as a witness appellant's community supervision officer, Christy Lombardo.

–2–

Appellant was the only witness called by the defense at the February 4, 2013 hearing. Appellant pleaded true to the allegations in the State's motion to adjudicate and admitted to the trial court that he violated the terms and conditions of his community supervision. He told the trial court that he consumed alcohol during the holidays but did not have a "drinking problem," and that he missed the appointed dates and times for testing on the IN-HOM device due to his work schedule, which required him to work long hours.

Lombardo did not testify at the February 4, 2013 hearing, but she was called as a witness at the February 18, 2013 hearing, where appellant was represented by a different attorney. Alcohol monitoring had been made a condition of appellant's community supervision in July of 2011, one month after appellant was placed on community supervision.[2] Lombardo testified that if appellant missed a certain number of scheduled "blows" on the IN-HOM device in a period of time, he would get locked out of the device and would have to travel to the device provider's office to get it "calibrated" or "serviced" before he could use it again. If appellant was unable to make an appointment for recalibration of the IN-HOM device, Lombardo would allow him to reschedule the appointment. She allowed flexibility in scheduling because appellant had a job that required him to work long hours. She also testified that there were "possibly" a hundred missed "blows." Lombardo noted that appellant had completed close to 100 of the required 240 hours of community supervision. She did not believe he had a problem with alcohol because "[h]e worked around the clock." Lombardo testified appellant was a good probationer and recommended to the trial court that he be allowed to continue on community supervision because she believed he had "a chance to be a productive citizen." In addition to Lombardo, three other witnesses—Jay Peskuski and Adam Williamson, appellant's friends for fifteen years, and

---

[2] The "Order Modifying the Conditions of Community Supervision" was signed by the trial court, the probation officer, and appellant on July 29, 2011.

Cornell Shephard, Sr., appellant's father—testified regarding appellant's good character and strong work ethic.

To prevail on a claim of ineffective assistance of counsel, an appellant must prove by a preponderance of the evidence that his counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that the result of the proceeding would have been different but for counsel's errors. *State v. Choice*, 319 S.W.3d 22, 24 (Tex. App.—Dallas 2008, no pet.); *see also Strickland v. Washington*, 466 U.S. 668, 687–88, 695 (1984). If an appellant fails to prove one prong of the test, we need not reach the other prong. *See Strickland*, 466 U.S. at 697; *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). In the context of an allegedly involuntary guilty plea, an appellant's burden is to show that his counsel's performance fell below a reasonable standard of competence and that there is a reasonable probability that, but for counsel's errors, the appellant would not have pleaded guilty and would have insisted on going to trial. *See Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999) (quoting *Ex parte Morrow*, 952 S.W.2d 530 536 (Tex. Crim. App. 1997)). A defendant's plea is not voluntary when it results from ineffective assistance of counsel. *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980). An allegation of ineffectiveness must be firmly founded in the record. *Choice*, 319 S.W.3d at 24. In most cases, the record on direct appeal will provide no explanation for counsel's actions, and the appellant will not be able to overcome the strong presumption of reasonable assistance. *See Thompson v. State*, 9 S.W.3d 808, 813–14 & n.6 (Tex. Crim. App. 1999).

In this case, appellant did not develop his ineffective assistance claim in the trial court. Although appellant filed a motion for new trial, he did not assert ineffective assistance of counsel therein, nor does the record indicate that there was a hearing on the motion. Thus, the record does not reflect why trial counsel neglected to call Christi Lombardo as a witness at the February

4, 2013 hearing. *See Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012) ("Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective.") (internal quotations and footnote omitted). We conclude the record is insufficient to overcome the strong presumption of reasonable assistance. *See Freeman v. State*, 125 S.W.3d 505, 506–07 (Tex. Crim. App. 2003) ("The record in this case is insufficient to support the conclusion [that appellant received ineffective assistance of counsel] because appellant did not develop a record in the trial court for the purpose of establishing this claim."). We overrule appellant's first issue.

## 2. Voluntariness of the Plea

In his second issue, appellant argues his plea of true at the February 4, 2013 hearing was involuntary due to the ineffective assistance of counsel. Continuing the argument from his previous issue, appellant contends trial counsel number two advised him to plead true to the allegations in the State's motion to adjudicate despite knowing the identity of appellant's probation officer, Lombardo, and failing to call her to testify at the hearing.

A defendant's plea of true to violations of the conditions of his community supervision must be voluntary. *See LeBlanc v. State*, 768 S.W.2d 881, 882 (Tex. App.—Beaumont 1989, no pet.). During the hearing on the State's motion to adjudicate, appellant acknowledged that he had been served with a copy of the State's motion, that he reviewed the allegations in the State's motion with defense counsel (trial counsel number two), and that he understood the allegations in the motion and the purpose of the hearing. Trial counsel told the court that he had "thoroughly discussed" the allegations in the motion to adjudicate with appellant prior to the hearing. The record from the hearing also shows that appellant entered the plea of true uncertain as to whether he would be continued on community supervision but hopeful that the trial court would choose to do so. Appellant testified that all he really wanted to do was to go into court

and explain everything to the trial court. The record does not reflect that appellant's plea of true was made involuntarily. *See Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam) (when assessing voluntariness of a plea, courts examine the entire record and consider all of the relevant circumstances surrounding the plea); *Ducker v. State*, 45 S.W.3d 791, 796 (Tex. App.—Dallas 2001, no pet.) (voluntariness of a guilty plea is determined from the totality of the circumstances viewed in the light of the entire record). The fact that appellant received a sentence of five years' imprisonment when he was hoping for a continuation of his community supervision does not render the plea involuntary. *See Tovar–Torres v. State*, 860 S.W.2d 176, 178 (Tex. App.—Dallas 1993, no pet.) ("A plea is not rendered involuntary simply because a defendant received a greater punishment than he anticipated.").

Furthermore, we again note that trial counsel was not given any opportunity to explain his actions or trial strategy, and that a silent record that provides no explanation for trial counsel's actions will usually not overcome the strong presumption of reasonable assistance. *Thompson*, 9 S.W.3d at 813–14. This case is no different. Appellant has not shown he had any factual or legal defense to the violations of community supervision alleged in the State's motion to adjudicate. Counsel could have concluded that, given the strength of the State's case, since the trial court retained the discretion to deny the State's motion and continue appellant on community supervision, appellant's best course of action was to plead true in an effort to demonstrate his sincerity, and argue that the court should exercise its discretion and leave him on community supervision. *See Poss v. State*, No. 02–12–00010–CR, 2013 WL 2435536, at *1 (Tex. App.—Fort Worth June 6, 2013, pet. ref'd) (mem. op., not designated for publication) ("Once sufficient evidence is presented of a violation of a community-supervision condition, the trial court has broad discretion in choosing whether to continue, modify, or revoke the community supervision."). Because the record is silent regarding any explanation for trial

counsel's actions, we cannot conclude appellant has met his burden of overcoming the strong presumption of reasonably effective assistance. *See Freeman*, 125 S.W.3d at 506. Appellant's second issue is overruled.

### 3. Adjudicating Appellant's Guilt and Sentencing Him to Prison

In his third issue, appellant argues that the trial court abused its discretion by adjudicating appellant's guilt and sentencing him to five years in prison because:

> (1) other than technical violations of drinking alcohol and failures regarding the alcohol-detection device, both of which were resolved before the hearing on the Motion to Proceed, the evidence is insufficient to support an adjudication, (2) the State failed to prove that Appellant's failure to pay court costs and fines was intentional and willful; (3) Appellant otherwise met all other terms and conditions of community supervision, and in fact, was called a "good probationer" by his community supervision officer; and (4) such harsh punishment violates the system of prohibitions, penalties, and correctional measures of Texas.

The trial court's decision to revoke a defendant's deferred adjudication community supervision is reviewed under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). At a revocation hearing, the State bears the burden of proving by a preponderance of the evidence that the defendant violated the terms and conditions of his community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). At a revocation hearing, the trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony, and we must view the evidence in the light most favorable to the court's ruling. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981).

The record in this case shows that appellant pleaded true to the allegations in the State's motion to adjudicate and admitted to the court that he violated the terms and conditions of his community supervision. A defendant's plea of true to even one allegation in the State's motion to revoke is sufficient to support the trial court's decision to adjudicate guilt. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *Poss*, 2013 WL 2435536, at *1. "Courts

may revoke community supervision for a violation of any condition, including violations of any single 'technical' condition." *Nurridin v. State*, 154 S.W.3d 920, 924 (Tex. App.—Dallas 2005, no pet.); *see also Long v. State*, No. 02–12–00090–CR, 2013 WL 1337975, at *3 (Tex. App.—Fort Worth April 4, 2013, pet. ref'd) (mem. op., not designated for publication); *Gatlin v. State*, No. 05–10–01596, 2012 WL 6021141, at *1 (Tex. App.—Dallas Dec. 4, 2012, no pet.) (mem. op., not designated for publication).

Appellant nonetheless argues that the trial court's sentence of five years' imprisonment violated the goals of community supervision in Texas. It is well-settled that "an award of community supervision is a quasi-contractual privilege, not a right." *Applin v. State*, 341 S.W.3d 528, 533 (Tex. App.—Fort Worth 2011, no pet.); *see also Long*, 2013 WL 1337975, at *4. "And the terms or conditions of community supervision are terms of the agreement entered into between the trial court and the defendant." *Applin*, 341 S.W.3d at 533. A "defendant who benefits from the contractual privilege of probation, the granting of which does not involve a systemic right or prohibition, must complain at trial to conditions he finds objectionable." *Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999). Appellant was advised via the order modifying the conditions of his community supervision, signed by appellant on July 29, 2011, that the trial court had "the authority at any time during the period of Community Supervision to revoke or proceed to adjudication for violation of any of the conditions of Community Supervision as set forth above." There is nothing in the record to show appellant objected to the conditions of community supervision imposed by the trial court, including that he refrain from drinking alcohol and participate in the IN-HOM alcohol monitoring program.

Appellant also suggests that his violations of these conditions were minor or "technical," and that he otherwise complied with the terms and conditions of community supervision. Appellant also points to certain statements made by the trial court at the February 18, 2013

hearing that was held after the trial court granted appellant's motion to reconsider. At that hearing, after excusing appellant's final witness, his father, appellant's counsel announced he had no further witnesses, adding, "I'm sorry, Your Honor." The trial court turned to appellant and said, "You are shameless. Absolutely shameless." Shortly after that, appellant apologized to the trial court:

> THE DEFENDANT: Your Honor, I want to apologize to you personally and to my probation officer for being insubordinate and disrespecting them. I have a problem and I—a weakness, and I—
>
> THE COURT: And you brought all these people down here to tug at my heartstrings?
>
> THE DEFENDANT: No, Your Honor.
>
> THE COURT: You are shameless, sir. Without shame.
>
> The fact that your father wants you back, that's not my—that is not my responsibility. That's yours.
>
> The fact that your friends need you, that is your responsibility.
>
> The fact that your daughter needs you, that is your responsibility. You should have thought of that before you violated all of the orders in this Motion to Revoke.
>
> If your family and your daughter and your mother and father and your friend and your work is so important to you, you should have thought of that instead of parading all of these people in front of me today to make me feel bad about doing what the law requires that I do to you. How dare you.
>
> THE DEFENDANT: Your Honor, I deeply apologize and I'm sorry.
>
> THE COURT: Well, I appreciate that.

Later, defense counsel gave a closing statement in which he asked the court to continue appellant's probation and allow appellant to wear an ankle monitor. Counsel told the trial court appellant was focused on providing for and taking care "of those that he loved." He alluded to "[n]ot understanding the first rule of . . . being on an airplane," at which point the trial court interjected: "Okay. Okay. Please, listen. If you don't want him to get more than five years, you

need to stop." After that, defense counsel rested. The trial court declined to change its previous ruling granting the State's motion, finding appellant guilty, and assessing a punishment of five years' imprisonment.

Appellant cites the trial court's statements as evidence the court failed to consider any alternatives other than imprisonment. Yet, it is just as likely that the court, after listening to the evidence, considered those alternatives and rejected them. The trial court was the sole judge of the credibility of the witnesses and the weight to be given to their testimony, and it was free to reject the testimony presented by appellant. The court had the discretion to revoke appellant's community supervision for *any* violation of the conditions of his community supervision, including "technical" violations. *See Nurridin*, 154 S.W.3d at 924. In addition, appellant did not receive the maximum sentence in this case. His conviction authorized the trial court to assess a punishment of two to twenty years' imprisonment and a fine not to exceed $10,000; he received a sentence of five years' imprisonment and no fine. *See* TEX. PENAL CODE ANN. §§ 12.33(a), 22.02(b).[3] For all of these reasons, then, we conclude the trial court did not abuse its discretion by revoking appellant's community supervision, adjudicating his guilt, and sentencing him to five years' imprisonment. We overrule appellant's third issue.

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130291F.U05

---

[3] Appellant acknowledges the general rule that a sentence within the range provided by law will not generally be disturbed on appeal. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

CHADDY MARK SHEPHARD, Appellant

No. 05-13-00291-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F10-12590-W.
Opinion delivered by Justice Myers.
Justices Lang-Miers and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 20th day of May, 2014.

/Lana Myers/
LANA MYERS
JUSTICE

–11–