

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-18-00143-CR
07-18-00144-CR

FERNANDO AVILA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court Nos. 73,789-E, 75,482-E, Honorable Abe Lopez, Presiding

July 24, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Fernando Avila, appeals the trial court's judgments by which he was convicted of felony driving while intoxicated and evading arrest or detention using a vehicle. His issues on appeal implicated the denial of an oral motion for continuance, the constitutionality of the statute pertaining to motions for continuance, the purported ineffectiveness of counsel, and the assessment of costs. We modify the judgments and affirm as modified.

*Issues One and Two – Denial of Oral Motion to Continue*

Through his first two issues, appellant initially contends that the trial court erred in denying him a continuance and that statutory requirements pertaining to such motions are unconstitutional as applied to him. He moved, through defense counsel, for a continuance immediately before voir dire began to gather records from the "TDC" and a local school district. The motion was not in writing but, rather, oral. Furthermore, defense counsel identified neither the specific records purportedly being sought nor their content. Similarly omitted from his oral request was a particularized discussion concerning their relevance. The trial court denied the motion due to the age of the cases being prosecuted. Appellant argues before us that the trial court erred in denying his oral motion for continuance, invites us to overrule judicial precedent and statutory mandates requiring that motions for continuance be in writing as sworn to, and asks that we hold as unconstitutional the statutes in question. We overrule the issues.

The applicable standard of review is abused discretion. That is, the appellant must establish that the trial court abused its discretion in denying his motion. *Rodriguez v. State,* 553 S.W.3d 733, 741 (Tex. App.—Amarillo 2018, no pet.). Such discretion is not abused so long as the decision falls within the zone of reasonable disagreement and is correct under any applicable theory of law irrespective of whether the theory was raised below. *Id.* Appellant failed to satisfy his burden here in several ways.

First, motions to continue 1) must be in writing, 2) aver sufficient cause warranting the postponement, TEX. CODE CRIM. PROC. ANN. art. 29.03 (West 2006), and 3) be made under oath by one having personal knowledge of the facts relied upon. *Id.* art. 29.08 (West 2006). Appellant's motion was oral, and no oath accompanied it. Thus, it did not

comply with statute. *See Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009) (holding that, "if a party makes an unsworn oral motion for a continuance and the trial judge denies it, the party forfeits the right to complain about the judge's ruling on appeal"); *see also Washington v. State*, No. 07-17-00427-CR, 2018 Tex. App. LEXIS 8319, at *4–5 (Tex. App.—Amarillo Oct. 10, 2018, pet. ref'd) (mem. op., not designated for publication) (relying on *Anderson* in arriving at same conclusion).

Second, the trial court denied the motion because the age of the prosecutions, as exemplified when saying "it's been almost a year – or it has been a year . . . that these cases have been indicted, so I'll deny your request." Given the standard of review, appellant was obligated to explain why denying further delay due to the age of the prosecutions fell outside the zone of reasonable disagreement. He did not. Nothing was said on appeal about the school district or TDC records underlying the motion, what they contained, their relevance, when they were initially sought, why they could not be secured by time of trial, and why their purported need outweighed further delay in assuring appellant's constitutional right to a speedy trial.

As for appellant's argument that articles 29.03 and 29.08 of the Code of Criminal Procedure are unconstitutional as applied to him, the record fails to reveal that it was raised below. Consequently, appellant failed to preserve it for review on appeal. *See Reynolds v. State*, 423 S.W.3d 377, 383 (Tex. Crim. App. 2014) (holding that "'[a]s applied' constitutional claims are subject to the preservation requirement and therefore must be objected to at the trial court in order to preserve error").

*Issues three through twelve - Ineffective Assistance of Counsel*

In his remaining issues, appellant contends the actions, or lack thereof, of trial counsel denied him the effective assistance of counsel. We disagree and overrule the issues.

To prevail on a claim of ineffective assistance of counsel, the claimant must prove, by a preponderance of the evidence, that 1) counsel's representation fell below an objective standard of reasonableness, and 2) the deficient performance prejudiced the appellant. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (citing *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)); *see Burch v. State*, 541 S.W.3d 816, 820 (Tex. Crim. App. 2017). Failure to make the requisite showing of either prong is fatal to the claim. *See Lopez*, 343 S.W.3d at 142. Additionally, prejudice consists of a reasonable probability, or a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different. *See id.*; *see also Howard v. State*, No. 07-17-00178-CR, 2018 Tex. App. LEXIS 1987, at *9 (Tex. App.—Amarillo Mar. 20, 2018, no pet.) (mem. op., not designated for publication) (observing that the prejudice prong of the *Strickland* test "requires evidence establishing a link between trial counsel's supposed default and a different outcome had the default not happened").

As the Texas Court of Criminal Appeals has explained, rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation: "in the vast majority of cases, the undeveloped record on direct appeal will be insufficient for an appellant to satisfy the dual prongs of *Strickland*." *Thompson v. State*, 9 S.W.3d 808, 814 n.6 (Tex. Crim. App. 1999). Ineffective-

4

assistance-of-counsel claims are not built on retrospective speculation; they must "be firmly founded in the record." *Bone v. State,* 77 S.W.3d 828, 835 (Tex. Crim. App. 2002) (quoting *Thompson*, 9 S.W.3d at 813).

Appellant points to a number of acts or omissions of trial counsel to support his contention that trial counsel's representation was deficient. We address those contentions, having grouped them generally by topic when efficient to do so.

*Failure to file a written motion for continuance*

Again, defense counsel did not file a written, sworn motion for continuance, and that allegedly was ineffective assistance of counsel. To establish ineffective assistance upon trial counsel's failure to file a written and sworn motion for continuance, an appellant must show that the trial court would have erred in denying a sworn and written motion. *See Granados v. State*, No. 07-06-0482-CR, 2007 Tex. App. LEXIS 9130, at *12 (Tex. App.—Amarillo Nov. 20, 2007, no pet.) (mem. op., not designated for publication) (citing *Vaughn v. State*, 888 S.W.2d 62, 74 (Tex. App.—Houston [1st Dist.] 1994), *aff'd*, 931 S.W.2d 564, 566–67 (Tex. Crim. App. 1996) (en banc) (per curiam) (holding that in order for counsel's failure to object to the State's question and argument to have been ineffective assistance, an appellant must show that the trial court would have erred in refusing to sustain the objection)); *accord Pryce v. State*, No. 03-12-00797-CR, 2014 Tex. App. LEXIS 13725, at *10–11 (Tex. App.—Austin Dec. 23, 2014, no pet.) (mem. op., not designated for publication); *Hayward v. State*, No. 14-01-01185-CR, 2006 Tex. App. LEXIS 536, at *11 (Tex. App.—Houston [14th Dist.] Jan. 24, 2006, no pet.) (mem. op., not designated for publication). As stated above, appellant made no effort to illustrate

that the trial court's decision fell outside the zone of reasonable disagreement or was wrong under every applicable legal theory.

*Incomplete investigation*

Appellant also accuses trial counsel of being ineffective by allegedly failing to perfect an insanity defense, undertake a complete investigation concerning the acquisition of records and experts to bolster that defense, and obtain additional mitigating evidence for use in punishment.[1] In response, we note the absence from the record of specific evidence, information, or argument about what further investigation by trial counsel would have revealed or whether it would have been beneficial to appellant. Instead, appellant's protestations dwell in the speculative area of maybe something or someone could have been uncovered which may have helped. Thus, appellant failed to carry his burden to prove ineffectiveness and prejudice. *See Straight v. State*, 515 S.W.3d 553, 568 (Tex. Crim. App. 2017) (stating that, without showing what an investigation would have revealed that reasonably could have changed the result of the case or what interviews with purported witnesses would have revealed that reasonably could have changed the outcome, a claim fails for ineffective assistance based on trial counsel's general failure to investigate the facts of the case); *see also Bone*, 77 S.W.3d at 835 (cautioning against speculating about the existence of mitigating evidence and noting that ineffective assistance claims are not built on retrospective speculation).

Additionally, the jury assessed punishment at the statutory minimum for each offense. With that, we cannot say that the outcome of the proceeding in terms of punishment could have been any more favorable for appellant had there been more

---

[1] An investigation into appellant's competence to stand trial was performed, and he was found competent.

6

mitigating evidence presented. *See State v. Choice*, 319 S.W.3d 22, 27 (Tex. App.—Dallas 2008, no pet.) (where appellant was sentenced to the statutory minimum punishment and concluding that "[a]dditional mitigating evidence could not have resulted in a lesser sentence" and that, therefore, "there is no possibility that, had trial counsel offered additional mitigating evidence, the result of the proceeding would have been different").

*Cumulation of Errors*

Appellant also contends that the various omissions of trial counsel when considered in the aggregate have the cumulative effect of rendering his trial unfair in violation of his Due Process rights. As to the individual contentions of ineffective assistance, we noted that the record before us is insufficiently developed to satisfy the requirements of *Strickland*. Those assertions, when considered in the aggregate, do not somehow become more viable or more easily discernible on a record that simply is not developed to address ineffective-assistance claims.

*Prejudice*

Furthermore, we are still left to address the prejudice element of ineffective assistance of counsel. The record remains silent as to it, as does appellant's argument, generally. So even if we were to presume that trial counsel's omissions constituted deficient performance, appellant still has not sufficiently shown prejudice from any of the alleged errors "either individually or cumulatively." *See Hillery v. State*, No. 02-13-00253-CR, 2014 Tex. App. LEXIS 9017, at *11 (Tex. App.—Fort Worth Aug. 14, 2014, pet. ref'd) (mem. op., not designated for publication).

7

Our disposition of these contentions, along with the previous complaints raised as ineffective assistance of counsel, demonstrates how, ordinarily, the appellate record on direct appeal is insufficient to flesh out a claim of ineffective assistance of counsel. *See Martinez v. State*, No. 10-15-00360-CR, 2016 Tex. App. LEXIS 10316, at *19–20 (Tex. App.—Waco Sep. 21, 2016, pet. ref'd) (mem. op., not designated for publication). Of course, appellant is free to pursue the claim via available post-judgment avenues such as a petition for habeas corpus.

*Issue Thirteen - Court Costs/Modification of Judgments*

Finally, appellant contends and the State concedes that the trial court's judgments should be modified to reflect the trial court's decision that fines and court costs against appellant were waived. This Court has the authority to modify or reform a judgment to make the record speak the truth when the matter has been called to its attention. TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (en banc). Appellant's contention and the State's concession are well-taken, and we reform the trial court's judgments of conviction in trial court cause numbers 73,789-E and 75,482-E to reflect that court costs are waived.

We affirm the trial court's judgments of conviction as reformed or modified.

Per Curiam

Do not publish.

8